UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No.: |
| VILLAGE OF STREAMWOOD; | ) | 3:16-cv-50387 |
| VILLAGE OF BLOOMINGDALE; | ) | |
| VILLAGE OF GLENDALE HEIGHTS; | ) | Hon. |
| CITY OF ELGIN; | ) | Judge Presiding |
| COUNTY OF KANE, | ) | Hon. |
| *Defendants.* | ) | Magistrate Judge |
| | ) | Jury Trial Demanded |

## COMPLAINT

I, *plaintiff* Andrew U. D. Straw, for my Complaint against the defendants herein, complain in this ADA, Title II, lawsuit that the defendants violated my right to be free of embarrassment and humiliation and mental anguish and exclusion based on my physical disabilities, and instead should provide access as required under law when the defendants left piles of snow and ice blocking the sidewalks and intersections of Army Trail Road in DuPage County, Illinois, and also in Streamwood along State Road 19 (Irving Park Road) in Cook County, and in the handicap space in front of the Kane County Election Board, and in the sidewalks in the City of Elgin in Kane County, Illinois. Streamwood provides no handicap parking in its employee parking lot and no curb ramp for that employee entrance. I seek relief:

## PERSONAL FACTS

1.     I am an attorney, Active in Good Standing, licensed in the State of Indiana, Bar# 23378-53. I also have a law license in the Commonwealth of Virginia, VSB# 43651, currently in Active in Good Standing Status.

1

2.     I am also licensed to practice law before the Northern and Southern Districts of Indiana, since 2002.  I am admitted to practice before this Court and the Western District of Wisconsin, as well as the U.S. Court of Appeals for the Fourth Circuit.

3.     My residence is in Kane County, Illinois. I am an Illinois registered voter and my residence is 120 S. State Street, #307, Elgin, IL 60123. My registered agent and official office mailing address is located at 1900 E. Golf Rd., Suite 950A, Schaumburg, IL 60173.

4.     I have engaged in reform efforts to protect disability access, and the federal government found me "qualified" to be the General Counsel of the U.S. Access Board in 2014.  My CV shows the extent of my disability rights advocacy: www.andrewstraw.com

## DISABILITIES

5.     I have severe physical and mental disabilities from public service. I hereby incorporate by reference my affidavit regarding disabilities, Exhibit 4, and all evidence thereof mentioned in that affidavit, Exhibits 5-10.

6.     The ADA Amendments Act of 2008 guarantees that mitigating or ameliorating treatments should be disregarded when considering the disability.  42 USC §12102(4)(E)(i).  If you consider the state of my right hip and right femur and left leg and ankle, I would be in a wheelchair all the time without that metal keeping me together.  I am even missing a large portion of the top of my right femur from the total hip replacement.  I must be considered as a person who uses a wheelchair because I could be in that state with a single trip and fall, and the ADA says I am in that "wheelchair-using state" **as a matter of law**.

7.     While this lawsuit is for me, I also am protected under the ADA for helping other people have accessible features, and may not receive any retaliation when I do so.  42 USC §12203

8.     I have sued the City of South Bend in Indiana and sought the assistance of the Federal Highway Administration's Office of Civil Rights in 2015.  *Straw v. City of South Bend, et. al.*, 3:16-cv-342-JED-MGG (N.D. Ind.).

9.     FHWA said that blocking accessible features with snow is prohibited under the ADA, Title II.  (Exhibit 16)

10.    This is the standard I am applying when I say there is a duty to keep the sidewalks clear, year round.

11.    In *Fortyune v. City of Lomita*, 2:11-cv-06644-DDP-JCG (9th Cir. 2014), cited by the FHWA, it was established by a federal court of appeals that handicap parking is required even if regulations do not exist yet.  This is because not providing handicap parking is **discrimination**.

https://www.justice.gov/sites/default/files/crt/legacy/2014/09/08/fortyune opinion.pdf

12.    Providing sidewalks and accessible features at intersections and then allowing them to be full of snow all winter shows discrimination that lasts from the time the piles were made until the ice melts.

13.    Streamwood did this on March 8, 2015.  (Exhibits 11 & 11.1) Streamwood's attorney denied the duty (Exhibit 11.2), but Illinois DOT refuted this by email.  (Exhibits 11.3)

14.    Bloomingdale did this on March 8, 2015.  (Exhibit 12)

15.    Glendale Heights did this on March 8, 2016. (Exhibit 13)

16.    The City of Elgin did this on December 22, 2016.  (Exhibit 14)

17.    To leave a huge pile of snow in a handicap parking space like Kane County Election Board did on January 12, 2016, also shows discrimination. (Exhibit 15).  This outrageous pile is how it looked at the Kane County Election Board office when I visited to drop off paperwork for **my congressional campaign**:



## LEGAL ARGUMENT FOR PROPER MAINTENANCE OF

## SIDEWALKS, CURB RAMPS, AND HANDICAP PARKING SPACES

18.    Bloomingdale and Glendale Heights villages left long piles of snow and ice in its sidewalks along Army Trail Road in DuPage County, Illinois.  Streamwood left similar piles along State Road 19 in Cook County, also known as Irving Park Road.  I personally took photos of these violations of the *Tinker* rule, the *Parker* rule, the *Barden* rule, and the FHWA interpretation of ADA Title II and its regulations' requirements on local governments.  (Exhibits 17, 18, 19)(Exhibit 16, FHWA Letter of Findings)

19.    Kane County's Election Board office had a pile of snow, shown above, several feet high in its handicap space.  (Exhibit 15)

20.    The *Fortyune* case shows that the requirement is <u>not to discriminate</u>.  In *Barden v. City of Sacramento*, 292 F. 3d 1073 (9th Circuit 2002), the Court of appeals said in no uncertain terms:

> We must decide whether ***public sidewalks*** in the City of Sacramento are a service, program, or activity of the City within the meaning of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, or § 504 of the Rehabilitation Act, 29 U.S.C. § 794. ***We hold that they are*** and, accordingly, that the sidewalks are subject to program

6

accessibility regulations promulgated in furtherance of these statutes. (bold and italics added)

21.    Leaving long piles of ice in the Village sidewalks shows, at best, gross negligence and indifference to civil rights in keeping the sidewalks and intersections clear. Leaving a big pile in the handicap space directly in front of the Election Board office is outrageous and would have reminded the Clerk of its existence every time she walked outside.

22.    Such negligence and indifference in full view of the whole world is enough to show discrimination because there is a duty under the ADA, Title II, to maintain accessible features like these sidewalks and handicap spaces in a usable condition twelve months out of 12.

23.    The Supreme Court of New Hampshire applied the ADA in 2009 and held that a local government has a duty under the ADA, Title II, to keep sidewalks clear of snow and ice. *Tinker v. Commissioner*, 2009-0012 (N.H. 2009). (Exhibit 17). *Tinker* provides the correct rule. That Court deferred to the FHWA on the question of whether local governments must remove snow and ice from sidewalks to comply with the ADA Title II regulation, 28 C.F.R. §35.133. (Exhibit 17, p. 2). The New Hampshire Supreme Court accepted the FHWA position that

7

FHWA, "has expressly construed a public entity's maintenance obligations to include 'insuring that the day-to-day operations keep the path of travel on pedestrian facilities open and usable for persons with disabilities, **throughout the year**.'" (Exhibit 17, p. 2) (bold and underline added)

24.    Further, "[t]his duty, according to the FHWA, "includes **snow and debris removal**, maintenance of pedestrian traffic in work zones and correction of other disruptions." (Exhibit 17, p. 2) (bold and underline added)

25.    Nothing in these statements and court decisions supports leaving snow piles in the sidewalks and intersection curb ramps all winter, as Bloomindale, Glendale Heights, Elgin, and Streamwood have done. (Exhibits 11, 12, 13, 14).

26.    The First Circuit U.S. Court of Appeals has held that the ADA, Title II, requires public entities to maintain sidewalks in a usable condition. *Parker v. Universidad de Puerto Rico*, 225 F.3d 1 (First Circuit, 2000) (Exhibit 18). This case is like the *Barden* case.

27.    The FHWA at the national level issued a Letter of Findings for me against the City of South Bend in Indiana for a variety of ADA Title II

disability access violations.  Nichole McWhorter, Federal Highway Administration Division Manager, Program Coordination and Compliance Division, found South Bend to have violated the ADA by plowing snow into accessible features.  (Exhibit 16, p. 3)

28.    Ms. McWhorter stated plainly: "The on-site visit was conducted after a snow storm that had occurred in the City.  While many sidewalks were shoveled, there was snow immediately adjacent to many of the disable[d] parking spaces in the downtown area.  <u>The City is required to maintain its sidewalks, including snow removal.</u>" (Exhibit 16, p. 3, last ¶)

29.    Further, she said that, "there was a pile of snow rendering one curb ramps inaccessible * * *" (Exhibit 16, p. 4, ¶1)

30.    I am bringing this lawsuit because all five of these Northern Illinois local governments **<u>denied the duty</u>** to keep these accessible pedestrian features and the handicap parking clear of snow piles.

31.    They not only denied the legal duty multiple times since February of 2015, but they now owe damages to me as a disabled person looking out for my own safety and the safety of others with handicap parking placards issued by the Illinois Secretary of State.  (Exhibit 10)

## COUNT I: VILLAGE OF BLOOMINDALE

## VIOLATES ADA TITLE II, 28 C.F.R. 35.133, AND

## REHABILITATION ACT, SECTION 504

32.     The *Fortyune* case shows that the requirement is <u>not to</u>
<u>discriminate</u>.  Under the ADA, Title II, the rules promulgated under the
ADA, Title II, including 28 C.F.R. 35.133, as well as the Rehabilitation
Act, Section 504, sidewalks must be kept clear all through the year.

33.     The Supreme Court of New Hampshire applied the ADA in 2009
and held that a local government has a duty under the ADA, Title II, to
keep sidewalks clear of snow and ice.  *Tinker v. Commissioner*, 2009-
0012 (N.H. 2009).  (Exhibit 17).  *Tinker* is the correct rule to use.

34.     The FHWA has made perfectly clear what the obligations are on
Bloomingdale.  Its sidewalks and intersection curb ramps must be kept
clear.  They left it like that deliberately and this cannot be denied
because it was in full view on a heavily traveled route in the area, Army
Trail Road.

35.     Bloomingdale has violated these laws and the court decisions were
in place well before the 2015 violations.  The photos I took prove
disregard for disability rights by Bloomingdale.  (Exhibit 12)

## COUNT II: VILLAGE OF GLENDALE HEIGHTS

## VIOLATES ADA TITLE II, 28 C.F.R. 35.133, AND

## REHABILITATION ACT, SECTION 504

36.     The *Fortyune* case shows that the requirement is <u>not to</u>
<u>discriminate</u>.  Under the ADA, Title II, the rules promulgated under the
ADA, Title II, including 28 C.F.R. 35.133, as well as the Rehabilitation
Act, Section 504, sidewalks must be cleared all through the year.

37.     The Supreme Court of New Hampshire applied the ADA in 2009
and held that a local government has a duty under the ADA, Title II, to
keep sidewalks clear of snow and ice.  *Tinker v. Commissioner*, 2009-
0012 (N.H. 2009).  (Exhibit 17).  *Tinker* is the correct rule to use.

38.     The FHWA has made perfectly clear what the obligations are on
Glendale Heights.  Its sidewalks and intersection curb ramps must be
kept clear.  They left it like that deliberately and this cannot be denied
because it was in full view on a heavily traveled route in the area, Army
Trail Road.

39.     Glendale Heights has violated these laws and case decisions were in place well before the 2015 violations.  The photos I took prove disregard for disability rights by Glendale Heights.  (Exhibit 13)

## COUNT III: VILLAGE OF STREAMWOOD

## VIOLATES ADA TITLE II, 28 C.F.R. 35.133, AND

## REHABILITATION ACT, SECTION 504

40.     The *Fortyune* case shows that the requirement is <u>not to discriminate</u>.  Under the ADA, Title II, the rules promulgated under the ADA, Title II, including 28 C.F.R. 35.133, as well as the Rehabilitation Act, Section 504, sidewalks must be cleared all through the year.

41.     The Supreme Court of New Hampshire applied the ADA in 2009 and held that a local government has a duty under the ADA, Title II, to keep sidewalks clear of snow and ice.  *Tinker v. Commissioner*, 2009-0012 (N.H. 2009).  (Exhibit 17).  *Tinker* is the correct rule to use.

42.     The FHWA has made perfectly clear what the obligations are on Streamwood.  Its sidewalks and intersection curb ramps must be kept clear.  They left it like that deliberately and this cannot be denied because it was in full view on a heavily traveled route in the area, Irving Park Road.

12

43.    Streamwood also provides what is labeled an "employee entrance," but that entrance has no curb ramp and there are 2 steps to go up to get to this employee entrance.  Streamwood also provides no handicap parking in the parking lot that serves this employee entrance.  (Exhibit 11.1)  These lacks are also ADA violations, in addition to the snow in the sidewalks.

44.    Streamwood has violated these laws and case decisions were in place well before the 2015 violations.  The photos I took prove disregard for disability rights by Streamwood.

## COUNT IV: THE CITY OF ELGIN

## VIOLATES ADA TITLE II, 28 C.F.R. 35.133, AND

## REHABILITATION ACT, SECTION 504

45.    The *Fortyune* case shows that the requirement is <u>not to discriminate</u>.  Under the ADA, Title II, the rules promulgated under the ADA, Title II, including 28 C.F.R. 35.133, as well as the Rehabilitation Act, Section 504, sidewalks must be cleared all through the year.

46.    The Supreme Court of New Hampshire applied the ADA in 2009 and held that a local government has a duty under the ADA, Title II, to

keep sidewalks clear of snow and ice. *Tinker v. Commissioner*, 2009-0012 (N.H. 2009). (Exhibit 17). *Tinker* is the correct rule to use.

47.    The FHWA has made perfectly clear what the obligations are on the City of Elgin. Its sidewalks and intersection curb ramps must be kept clear. They left it like that deliberately and this cannot be denied because it was in full view on a heavily traveled route along South State Street. (Exhibit 14)

48.    Elgin has violated these laws and case decisions were in place well before the December 22, 2016, violations. The photos I took prove disregard for disability rights by the City of Elgin. (Exhibit 14)

## COUNT V: KANE COUNTY

## VIOLATES ADA TITLE II, 28 C.F.R. 35.133, AND

## REHABILITATION ACT, SECTION 504

49.    The *Fortyune* case shows that the requirement is <u>not to</u> <u>discriminate</u>. Under the ADA, Title II, the rules promulgated under the ADA, Title II, including 28 C.F.R. 35.133, as well as the Rehabilitation Act, Section 504, sidewalks must be cleared all through the year.

50.    The Supreme Court of New Hampshire applied the ADA in 2009 and held that a local government has a duty under the ADA, Title II, to

14

keep sidewalks clear of snow and ice. *Tinker v. Commissioner*, 2009-0012 (N.H. 2009). (Exhibit 17). *Tinker* is the correct rule to use.

51. The FHWA has made perfectly clear what the obligations are on Kane County. Its handicap spaces and other accessible features must be kept clear of ice and snow. The photo above shows this was completely disregarded. They left this pile of snow in the handicap space like that deliberately and this cannot be denied because it was in full view in front of the Kane County Election Board Office.

52. Kane County has violated these laws and case decisions were in place well before the 2016 violation. The photos I took prove a total disregard for disability rights by Kane County. (Exhibit 15)

## REQUEST FOR RELIEF

53. I request $50,000 in compensatory damages from each of these four defendants, $250,000 in total. These Illinois villages, one city, and one county violated a law that is so dear to my heart that I was a candidate and found "qualified" to be general counsel of the organization that creates these ADA Standards: U.S. Access Board.

54. *Barnes v. Gordon*, 536 U.S. 181 (2002) provides for compensatory damages in ADA, Title II, cases and I ask the above damages due to the

multiple exclusion and emotional injuries I have sustained. This includes frustration that leads to migraines when disability rights are insulted and rejected under my nose. I am allergic to disability injustice.

55.    I seek compensation because these villages, city, and county have violated obligations under 42 U.S.C. §12132 not to discriminate or exclude based on disability. If the Court and a jury feel that more is warranted, I would accept it and I would use that money to help disabled people and make further efforts to "eliminate … discrimination," which is the purpose of the Act. 42 U.S.C. § 12101(b)(1). I would use the money to pay for my Ph.D. in Disability Rights Law and Politics, which will advance the ADA.

56.    Further, I would ask the Court to issue an injunction directing these five defendants to cease disability discrimination in all public services and facilities, including sidewalks and handicap parking and all other features owned or controlled by these defendants.

57.    Finally, I would ask for any other relief this Court and a jury may deem appropriate to achieve justice.

## JURISDICTION AND VENUE

58.    This Court has jurisdiction over this action under 28 U.S.C. §

1331, as it is a federal question action based on the Americans with

Disabilities Act, Title II, the Rehabilitation Act, Section 504, and the

regulations promulgated under both laws.

59.    Venue properly lies in the Northern District of Illinois under 28

U.S.C. §1391(b), as a substantial part of the events giving rise to this

action occurred within this district.

I, Attorney Andrew U. D. Straw, certify that to the best of my
knowledge, information, and belief, formed after an inquiry reasonable
under the circumstances, that the above statements and factual
representations are true and correct under penalty of perjury.

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333   Fax: (877) 310-9097
andrew@andrewstraw.com

December 25, 2016

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above COMPLAINT and EXHIBITS and CIVIL COVER SHEET and SUMMONS FORMS and IFP MOTION with EXHIBIT with the Clerk of this Court via the Court's CM/ECF system on December 25, 2016 and this will be served on all attorneys of record as well as permanently available through Pacer.gov. I will immediately provide ZIP file with PDFs of all documents filed today to the following chief executives, to be followed by official service when Summons forms are signed by the Clerk:

President Franco Coladipietro
Village of Bloomingdale
201 S. Bloomingdale Road
Bloomingdale, Illinois 60108
(630) 671-5600
franco@vil.bloomingdale.il.us

Chris Lauzen
Kane County Board Chairman
719 Batavia Avenue, Building A
Geneva, IL 60134
(630) 232-5930
clauzen@kanecoboard.org &
LulvesJoseph@co.kane.il.us

Respectfully submitted,

s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333.
Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff,* Proceeding *Pro Se*

December 25, 2016

President Linda Jackson
Village of Glendale Heights
300 Civic Center Plaza
Glendale Heights, IL 60139
(630) 909-5302
ljackson@glendaleheights.org

President Billie D. Roth
Village of Streamwood
301 E. Irving Park Rd
Streamwood, IL 60107
(630) 736-3800
mayor@streamwood.org

Mayor of Elgin, David Kaptain
150 Dexter Court
Elgin, IL 60120-5555
(847) 385-4478
mayor@cityofelgin.org